UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUNG YUN,                                    Civil Action No.: 07 cv 1423
                Plaintiff,

                                               **COMPLAINT**

   -against -

                                               **JURY TRIAL IS REQUESTED**


**ORCHESTRIA CORPORATION, BO MANNING,
DAVID DILL, BILL BUTLER, NICK WETTON**     J. D.A.B.
**AND PAUL JOHNS**

                                               ECF CASE

                Defendants,
------------------------------------------------------------x

      Plaintiff, JUNG YUN, by her attorneys, WISSELMAN, HAROUNIAN & ASSOCIATES, P.C., complaining of the defendants alleges the following:

### JURISDICTION AND VENUE

  1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) AND 42 U.S.C. §1981. This Court has jurisdiction over this claim pursuant to 29 U.S.C. §1331. Venue lies in this district pursuant to 28 U.S.C. §1391(b). Claims arising under state statutory and common law are included under this Court's pendent jurisdiction 28 U.S.C. 1367.

### PARTIES

 2. Plaintiff, Jung Yun is Asian and female.

 3. Plaintiff is of Korean national origin.

 4. Specifically, at all times mentioned, defendant, Orchestria Corporation ("Orchestria" or

1

"company") was the employer of Plaintiff, and has its principal office at 437 Madison Avenue, 33rd Floor, New York, New York 10022.

5.  At all times mentioned, defendant, Bo Manning ("Manning") was the President and CEO for Orchestria.

6.  At all times mentioned, David Dill ("Dill") was CFO for Orchestria.

7. At all times mentioned, defendant, Bill Butler ("Butler") was the Vice President of Global Sales for Orchestria.

8.  At all times mentioned, defendant, Nick Wetton ("Wetton") was Vice President of Strategic Accounts for Orchestria.

9. At all times mentioned, defendant, Paul Johns ("Johns") was the Vice President of Marketing for Orchestria.

## JURISDICTIONAL REQUIREMENTS

10. Plaintiff has complied with all jurisdictional prerequisites to action under Title VII as he has timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC).

11.  EEOC issued a right to sue letter to plaintiff on December 1, 2006.

## FACTUAL ALLEGATIONS

12.  On or about March 2005, plaintiff was employed by Zantaz in New York City.

13.  Plaintiff was the top sale executive at Zantaz

14.  Orchestria senior executives specifically Manning and Wetton recruited plaintiff from Zantaz.

15. Orchestria executives Manning and Wetton promised plaintiff of greater money in terms of salary, commissions and benefits in addition to long term career growth with a promotion in order to induce plaintiff to leave Zantaz and join Orchestria.

16. Orchestria executive Manning promised plaintiff 100,000 shares of vested company stock options to induce plaintiff to leave Zantaz and join Orchestria.

17. On May 28th 2005, Plaintiff was hired by Orchestria.

18. Based on representation made by Orchestria executives Manning and Wetton, plaintiff left Zantaz to join Orchestria.

19. On May 28th 2005, plaintiff has been working on a sales account at Zantaz that was valued at $ 20,000,000.00 and would have earned her commissions in the amount of $ 1,300,000.00.

20. At Orchestria, Plaintiff always received accolades during all employee quarterly meetings and never had any negative issues until she was discharged.

21. Orchestria management created false reasons to terminate Plaintiff.

22. Plaintiff was producing above company requirements and would have been the highest income earner in the company if she have not been discharged .

23. Orchestria management is comprised solely of males.

24. Orchestria management conspired against the female employees to ensure that there would not be any advancement for women in their company.

25. Orchestria management assigned female sale representatives to the toughest customers and accounts.

26. Male sales representatives were not terminated, and some were even promoted although they had not sold anything in over 1.5 years.

27. Male sales representatives were given existing and easier accounts to generate revenue.

28. Plaintiff and other female sales representatives were given accounts in which they were forced to sell undeveloped software products to customers, while male sales representatives were given accounts with developed software.

29. Orchestria management has a pattern of terminating competent female employees without cause.

30. There are no female mid level managers or senior managers in the company.

31. There are no Asian or Korean mid level managers or senior managers in the company.

32. On June 27, 2007, Plaintiff generated commissions totaling $2,500,000.00.

33. On June 27, 2007, Orchestria management terminating plaintiff without cause.

34. Orchestria management fabricated revenue numbers for the company board of directors and for its customers.

35. Plaintiff and other female employees at Orchestria were sexually harassed by Paul Johns, senior Vice President of Marketing.

36. Orchestria management had knowledge that plaintiff and other female employees at Orchestria were sexually harassed by Paul Johns.

37. Orchestria management failed and refused to take any action to stop the sexual harassment caused by Paul Johns.

38. Orchestria management enabled Paul Johns to sexually harass Plaintiff and other female employees, and would openly joke about his behavior publicly in front of its staff and even its customers.

### AS AND FOR A FIRST CAUSE OF ACTION

39. Plaintiff repeats paragraphs 1 through 38.

40. Plaintiff was terminated and subjected to different terms and conditions of employment because of her gender. As a result of this differential treatment plaintiff was unjustly and discriminatorily deprived of equal employment opportunities.

### AS AND FOR A SECOND CAUSE OF ACTION

41. Plaintiff repeats paragraphs 1 through 38.

42. Defendants violated the New York State Executive Law Section 296 (1) (a) by unfairly discriminating against plaintiff on the basis of her gender.

### AS AND FOR A THIRD CAUSE OF ACTION

43. Plaintiff repeats paragraph 1 through 38.

44. Plaintiff was damaged by defendants' denial of equal terms and conditions of employment in violation of Section 8-107.1 (a) of the Administrative Code of the City of New York on the basis of her gender.

## AS AND FOR A FOURTH CAUSE OF ACTION

45. Plaintiff repeats paragraphs 1 through 38.

46. Plaintiff was subjected to different terms and conditions of employment because of her race and national origin. As a result of this differential treatment plaintiff was unjustly and discriminatorily deprived of equal employment opportunities.

## AS AND FOR A FIFTH CAUSE OF ACTION

47. Plaintiff repeats paragraphs 1 through 38.

48. Defendants violated the New York State Executive Law Section 296 (1) (a) by unfairly discriminating against plaintiff on the basis of her race and national origin

## AS AND FOR A SIXTH CAUSE OF ACTION

49. Plaintiff repeats paragraph 1 through 38.

50. Plaintiff was damaged by defendants' denial of equal terms and conditions of employment in violation of Section 8-107.1 (a) of the Administrative Code of the City of New York on the basis of her race and national origin.

## AS AND FOR A SEVENTH CAUSE OF ACTION

51. Plaintiff repeats paragraph 1 through 38.

52. Defendants' policies for hiring, promotion and retention of sales employees have a disparate impact against women and are discriminatory.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

53. Plaintiff repeats paragraphs 1 through 38.

54. Plaintiff and other female employees were repeatedly subjected to sexual harassment by a company senior vice president.

55. As a result, Plaintiff has suffered pain and humiliation as a result of defendants' illegal actions.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

56. Plaintiff repeats paragraphs 1 through 38.

57. Orchestria breached its employee compensation agreement with plaintiff.

58. Orchestria is liable to plaintiff for commissions she earned in the amount of $2,500,000.00.

## AS AND FOR AN NINTH CAUSE OF ACTION

59. Plaintiff repeats paragraphs 1 through 38.

60. Orchestria promised plaintiff that she would received 100,000 shares of vested company stock options.

61. Orchestria failed to give plaintiff 100,000 shares of vested stock options.

62. Orchestria is liable to plaintiff the present value of 100,000 shares of vested stock options, which is estimated at $ 100,000.00.

## AS AND FOR AN TENTH CAUSE OF ACTION

63. Plaintiff repeats paragraphs 1 through 38.

64. Orchestria executives represented to plaintiff that she would received greater money in terms of salary, commissions and benefits in addition to long term career growth with a promotion in order to induce plaintiff to leave Zantaz and join Orchestria.

65. Orchestria executives represented to plaintiff that she would received 100,000 shares of vested company stock option in order to induce plaintiff to leave Zantaz and join Orchestria.

66. Orchestria failed to plaintiff pay her commissions due in the amount of $2,500,000.00

67. Orchestria failed to give plaintiff $ 100,000 shares of vested stock options.

68. Orchestria executives' representations to plaintiff were false.

69. Orchestria executives knew or should have known that their representations to plaintiff about the terms and conditions of her employment with the company were false.

70. Orchestria is liable to plaintiff for her commissions in the amount of $2,500,000.00.

71. Orchestria is liable to plaintiff the present value of 100,000 shares of vested stock options, which is estimated at $ 100,000.00.

72. Orchestria is liable to plaintiff for her commissions she lost at Zantaz when she joined the company in the amount of $1,300,000.00.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

73.  Plaintiff repeats paragraphs 1 through 38.

73. Orchestria breached its covenant of good faith and fair dealing.

74.  Orchestria is liable to plaintiff for commissions she earned in the amount of $2,500,000.00.

75.  Orchestria is liable to plaintiff the present value of 100,000 shares of vested stock options, which is estimated at $ 100,000.00.

WHEREFORE, plaintiff demands the following relief on the first, second, third, fourth, fifth, sixth and seventh causes of action: (1) A permanent injunction restraining defendants from discriminating against female and Asian employees; (2) An order that defendants compensate, reimburse, and make whole plaintiff for all the benefits she would have received had it not been for defendant's illegal actions, including, but not limited to pay, commissions, benefits, training, promotions, and seniority, with interest; (3) Actual and consequential damages as may be proven for pain, suffering, and humiliation plaintiff suffered as a result of defendants' illegal actions; (4) judgment on the eighth cause of action in the amount of $ 2,500,000.00; (5) judgment on the ninth cause of action in the amount of $ 24,000.00; (6) judgment on the tenth cause of action in the amount of $ 3,820,000.00; (7) judgment on the eleventh cause of action in the amount of $ 2,600,000.00; (8) Punitive damages payable to plaintiff in an amount to properly penalize defendants for their misconduct and to deter such wrongdoing in the future in an amount no less than $50,000,000.00; (9) Statutory damages as may be proven at trial on defendants' violation of the New York State Executive Law Sec. 296 (1) (a) and Sec. 8-107. 1 (a) of the Administrative Code of the City of New York; (10) cost and attorney's fees; (11) such other, further and equitable relief as is just and proper.

Dated: February 23, 2007

                                           Respectfully Submitted:

                                       WISSELMAN, HAROUNIAN & ASSOCIATES, P.C.
                                            S/ John Virdone
                                          By: John Virdone, Esq. (JV 4500)
                                          Attorneys for Plaintiff
                                          1010 Northern Blvd. Ste 300
                                          Great Neck, NY 11021
                                          (516) 773-8300