UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUNG YUN,                                              Civil Action No.: 07 cv 1423

                Plaintiff,

                                                           **AMENDED COMPLAINT**

   -against -

                                                           JURY TRIAL IS REQUESTED

ORCHESTRIA CORPORATION, BO MANNING,
DAVID DILL, BILL BUTLER, NICK WETTON       J. D.A.B.
AND PAUL JOHNS
                                                           ECF CASE

                Defendants,
------------------------------------------------------------x

    Plaintiff, JUNG YUN, by her attorneys, WISSELMAN, HAROUNIAN & ASSOCIATES, P.C., complaining of the defendants alleges the following:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and 42 U.S.C. §1981. This Court has jurisdiction over this claim pursuant to 29 U.S.C. §1331. Venue lies in this district pursuant to 28 U.S.C. §1391(b). Claims arising under state statutory and common law are included under this Court's pendent jurisdiction 28 U.S.C. 1367.

### PARTIES

2. Plaintiff, Jung Yun is Asian and female.

3. Plaintiff is of Korean national origin.

4. Specifically, at all times mentioned, defendant, Orchestria Corporation ("Orchestria" or

1

"company") was the employer of Plaintiff, and has its principal office at 437 Madison Avenue, 33rd Floor, New York, New York 10022.

5.  At all times mentioned, defendant, Bo Manning ("Manning") was the President and CEO for Orchestria.

6.  At all times mentioned, David Dill ("Dill") was CFO for Orchestria.

7.  At all times mentioned, defendant, Bill Butler ("Butler") was the Vice President of Global Sales for Orchestria.

8.  At all times mentioned, defendant, Nick Wetton ("Wetton") was Vice President of Strategic Accounts for Orchestria.

9.  At all times mentioned, defendant, Paul Johns ("Johns") was the Vice President of Marketing for Orchestria.

## JURISDICTIONAL REQUIREMENTS

10.  Plaintiff has complied with all jurisdictional prerequisites to action under Title VII as she has timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC).

11. EEOC issued a right to sue letter to plaintiff on December 1, 2006.

## FACTUAL ALLEGATIONS

12. On or about March 2005, plaintiff was employed by Zantaz in New York City.

13. On or about March 2005, plaintiff was the top sale executive at Zantaz

14. On or about March 2005 to May 2005, Orchestria senior executives specifically Manning and Wetton recruited plaintiff from Zantaz.

15. On or about May 2005, Orchestria executives Manning and Wetton promised plaintiff greater income in terms of salary, commissions and benefits in addition to long term career growth with a promotion in order to induce plaintiff to leave Zantaz and join Orchestria.

16. On or about May 2005, Orchestria executive Manning promised plaintiff 100,000 shares of vested company stock options to induce plaintiff to leave Zantaz and join Orchestria.

17. On May 28th 2005, Plaintiff was hired by Orchestria.

18. Based on representations made by Orchestria executives Manning and Wetton, plaintiff left Zantaz to join Orchestria.

19. On or about March, 2005 to May 28th 2005, plaintiff had been working on a sales account at Zantaz that was valued at $ 20,000,000.00, which would have earned her commissions in the amount of  $ 1,300,000.00 has she not left Zantaz and joined Orchestria.

20. During her employment at Orchestria, plaintiff always received accolades during all employee quarterly meetings, and there were never any negative employment issues concerning plaintiff until she was discharged.

21. Plaintiff's employment at Orchestria was  terminated on June 27, 2006 with out cause. 22. Orchestria management created false reasons to terminate plaintiff.

23.  On or about June 2006, plaintiff was producing above company requirements and would have been the highest income earner in the company if she had not been discharged.

24. Orchestria management is comprised solely of males.

25. From May 2005 to June 2006, Orchestria management conspired against the female employees to ensure that there would not be any advancement for women in their company.

26. From May 2005 to June 2006, Orchestria management assigned female sale representatives to the toughest customers and accounts.

27. From May 2005 to June 2006, male sales representatives were not terminated, and some were even promoted although they had not sold any products or services in over 1.5 years.

28. From May 2005 to June 2006, male sales representatives were given existing and easier accounts to generate revenue.

29. From May 2005 to June 2006, plaintiff and other female sales representatives were given accounts in which they were forced to sell undeveloped software products to customers, while male sales representatives were given accounts with developed software.

30. Orchestria management has a pattern of terminating competent female employees without cause.

31. There are no female mid level managers or senior managers in the company.

32. There are no Asian or Korean mid level managers or senior managers in the company.

33. On June 27, 2006, Plaintiff generated commissions totaling $2,500,000.00.

34. From May 2005 to June 2006, Orchestria management fabricated revenue numbers for the company board of directors and for its customers.

35. From May 2005 to June 2006, plaintiff and other female employees at Orchestria were sexually harassed by Paul Johns, Senior Vice President of Marketing.

36. From May 2005 to June 2006, Orchestria management had knowledge that plaintiff and other female employees at Orchestria were sexually harassed by Paul Johns.

37. From May 2005 to June 2006, Orchestria management failed and refused to take any action to stop the sexual harassment caused by Paul Johns.

38. From May 2005 to June 2006, Orchestria management enabled Paul Johns to sexually harass plaintiff and other female employees, and would openly joke about his behavior publicly in front of its staff and even its customers.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

39. Plaintiff repeats paragraphs 1 through 38.

40. Plaintiff was terminated and subjected to different terms and conditions of employment because of her gender. As a result of this differential treatment, plaintiff was unjustly and discriminatorily deprived of equal employment opportunities.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

41. Plaintiff repeats paragraphs 1 through 38.

42. Defendants violated the New York State Executive Law Section 296 (1) (a) by unfairly discriminating against plaintiff on the basis of her gender.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

43. Plaintiff repeats paragraph 1 through 38.

44. Plaintiff was terminated and damaged by defendants' denial of equal terms and conditions of employment in violation of Section 8-107 (a) of the Administrative Code of the City of New York on the basis of her gender.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

45. Plaintiff repeats paragraphs 1 through 38.

46. Plaintiff was terminated and subjected to different terms and conditions of employment because of her race and national origin. As a result of this differential treatment, plaintiff was unjustly and discriminatorily deprived of equal employment opportunities.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

47. Plaintiff repeats paragraphs 1 through 38.

48. Defendants violated the New York State Executive Law Section 296 (1) (a) by unfairly discriminating against plaintiff on the basis of her race and national origin

49. As a result, plaintiff has been damaged.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

50. Plaintiff repeats paragraph 1 through 38.

51. Plaintiff was terminated and damaged by defendants' denial of equal terms and conditions of employment in violation of Section 8-107 (a) of the Administrative Code of the City of New York on the basis of her race and national origin.

52. As a result, plaintiff has been damaged.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ORCHESTRIA**

53. Plaintiff repeats paragraph 1 through 38.

54. Orchestria's policies for hiring, promotion and retention of sales employees have a disparate impact against women and are discriminatory.

55. As a result, plaintiff has been damaged.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

56. Plaintiff repeats paragraphs 1 through 38.

57. During her employment with Orchestria, and during working hours and during other work related activities, plaintiff was repeatedly, intentionally, and maliciously harassed by defendant Paul Johns, whose harassing conduct included, but was not limited to: subjecting Plaintiff to explicit sexual comments and inquiries, as well as sexually oriented physical contact, noises and gestures.

58. Plaintiff was repeated sexually harassed by Paul Johns because she is a woman.

59. Orchestria senior executives, Manning, Dill, Butler and Wetton, had knowledge of the sexual harassment of the plaintiff and other women in the company by Paul Johns.

60. Despite their knowledge, the above-mentioned senior executives refused to take corrective or remedial action.

60. Because of the refusal of Orchestria to take corrective or remedial action, defendants acquiesced in the sexual harassment of the Plaintiff by Paul Johns.

61. Such conduct created an offensive, intimidating and hostile work environment for plaintiff, made daily work difficult for her.

62. Since Orchestria senior executives knew of the harassment plaintiff was subjected to but refused to take corrective or remedial action, the conduct was a term and condition of the plaintiff's employment with Orchestria.

63. In view of the foregoing, Defendants, Orchestria and Orchestria, discriminated against the plaintiff in regard to the terms, conditions, and privileges of her employment.

64. Because of the sexual harassment, plaintiff suffered pain, embarrassment and humiliation,

65. In view of the foregoing, Plaintiff has been damaged by the defendants.

### AS AND FOR AN NINTH CAUSE OF ACTION AGAINST ORCHESTRIA

66. Plaintiff repeats paragraphs 1 through 38.

67. Orchestria breached its employee compensation agreement with plaintiff.

68. As a result, plaintiff has been damaged.

69. Orchestria is liable to plaintiff for commissions she earned in the amount of $2,500,000.00.

### AS AND FOR AN TENTH CAUSE OF ACTION AGAINST ORCHESTRIA

70. Plaintiff repeats paragraphs 1 through 38.

71. Orchestria promised plaintiff that she would received 100,000 shares of vested company stock options.

72. Orchestria failed to give plaintiff 100,000 shares of vested stock options.

73. As a result, plaintiff has been damaged.

74. Orchestria is liable to plaintiff for the present value of 100,000 shares of vested company stock options, which is estimated at $ 100,000.00.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST ORCHESTRIA, MANNING AND WETTON

75. Plaintiff repeats paragraphs 1 through 38.

76. Orchestria executives, Manning and Wetton, represented to plaintiff that she would received greater income in terms of salary, commissions and benefits in addition to a long term career growth with a promotion in order to induce plaintiff to leave Zantaz and joined the company.

77. Orchestria executives, Manning and Wetton, represented to plaintiff that she would received 100,000 shares of vested company stock option in order to induce plaintiff to leave Zantaz and join Orchestria.

78. Orchestria failed to plaintiff pay her commissions due in the amount of $2,500,000.00

79. Orchestria failed to give plaintiff 100,000 shares of vested company stock options.

80. Orchestria executives' representations to plaintiff were false.

81. Orchestria executives knew or should have known that their representations to plaintiff about the terms and conditions of her employment with the company were false.

82. As a result, plaintiff has been damaged.

83. Orchestria is liable to plaintiff for her commissions in the amount of $2,500,000.00.

84. Orchestria is liable to plaintiff the present value of 100,000 shares of vested company stock options, which is estimated at $ 100,000.00.

85. Orchestria is liable to plaintiff for her commissions she lost at Zantaz when she joined the company in the amount of $1,300,000.00.

**AS AND FOR AN TWELFTH CAUSE OF ACTION AGAINST ORCHESTRIA**

86. Plaintiff repeats paragraphs 1 through 38.

87. Orchestria breached its covenant of good faith and fair dealing.

88. As a result, plaintiff has been damaged.

89. Orchestria is liable to plaintiff for commissions she earned in the amount of $2,500,000.00.

90. Orchestria is liable to plaintiff the present value of 100,000 shares of vested company stock options, which is estimated at $ 100,000.00.

WHEREFORE, plaintiff demands the following relief on the first, second, third, fourth, fifth, sixth, and seventh causes of action: (i) A permanent injunction restraining defendants from discriminating against female, Asian and/or Korean employees; (ii) An order that defendants compensate, reimburse, and make whole plaintiff for all the benefits she would have received had it not been for defendant's actions, including, but not limited to pay, commissions, benefits, training, promotions, and seniority, with interest; (iii) Actual and consequential damages as may be proven for pain, suffering, and humiliation plaintiff suffered as a result of defendants' actions; plaintiff demands judgment on the eighth cause of action for actual and consequential damages as may be proven for pain, suffering, and humiliation plaintiff suffered as a result of defendants' actions; plaintiff demands judgment on the ninth cause of action in the amount of $ 2,500,000.00; plaintiff demands judgment on the tenth cause of action in the amount of $ 24,000.00; plaintiff demands judgment on the eleventh cause of action in the amount of $ 3,820,000.00; plaintiff demands judgment on the twelfth cause of action in the amount of $ 2,600,000.00; plaintiff demands punitive damages payable to plaintiff in an amount to properly penalize defendants Orchestria, Manning and Wetton for their misconduct and to deter such wrongdoing in the future in an amount no less than $50,000,000.00; plaintiff demands statutory damages as may be proven at trial on defendants' violation of the New York State Executive Law Sec. 296 (1) (a) and Sec. 8-107. 1 (a) of the Administrative Code of the City of New York; cost and attorney's fees; and such other, further and equitable relief as is just and proper.

Dated: April 24, 2007

            Respectfully Submitted:

            WISSELMAN, HAROUNIAN & ASSOCIATES, P.C.

             s/ John Virdone
            By: John Virdone, Esq. (JV 4500)
            Attorneys for Plaintiff
            1010 Northern Blvd. Ste 300
            Great Neck, NY 11021
            (516) 773-8300